```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Brenda Towne

    v.                                    Case No. 22-cv-342-SM

William Gardner, et al.

**O R D E R**

Brenda Towne, who is proceeding pro se, filed a complaint that is titled "Complaint for Declaratory and Emergency Injunctive Relief." She seeks to enforce federal statutes pertaining to preserving election records because she believes that election results were altered or destroyed during the audit of the 2020 election results in Windham, New Hampshire. She contends that emergency relief is necessary because the twenty-two-month protective period provided in the statutes was about to expire when she filed her complaint.

I. Emergency Injunctive Relief

Although Towne does not allege a legal basis for her request for emergency injunctive relief, she appears to be seeking a temporary restraining order. Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order, without written or oral notice to the defendants, only if two conditions are met. First, the moving

party must provide an affidavit or verified complaint that clearly shows "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Second, the moving party or her attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Towne has provided neither an affidavit nor a verified complaint and has not provided certification in writing to comply with the second requirement. Therefore, she has not met the threshold requirements for emergency injunctive relief. Further, for the reasons stated below, even if she met those requirements, Towne could not show a likelihood of success on the merits. See Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

II. Complaint

Towne names the former New Hampshire Secretary of State, William Gardner, and the current New Hampshire Secretary of State, David M. Scanlan as defendants. She also names Harri Hursti, whom she identifies as "a world-renowned election machine hacker," and LHS Associates, that she alleges was contacted to be the custodian of New Hampshire's election records. In addition, Towne names all or most of the New

Hampshire town clerks who held the office from November of 2020 through September 3, 2022, which is approximately 137 individuals.

She alleges that memory cards used in voting machines in New Hampshire "are the foundation for determining the race position of every candidate in New Hampshire." Doc. 1, at 10. She discusses the election audit conducted in Windham after the 2020 election. She alleges that copies were to be made of the memory cards from voting machines in Windham to preserve the date from the 2020 election, but Harri Hursti deleted the information from the cards without making copies. She alleges that LHS Associates participated in the audit process under a conflict of interest.

She alleges that the erasure of the 2020 election results from the Windham voting machine memory cards violated 42 U.S.C. § 1974, 52 U.S.C. §§ 20701 and 20702 because under those statutes state officials were required to retain election records for twenty-two months. She further alleges that memory cards used in voting machines in other towns were also erased by LHS Associates in violation of the cited statutes.

In her first statement of relief, Towne seeks emergency injunctive relief to preserve all remaining election records from the 2020 election, including physical ballots, physical memory cards, and all stored information about the 2020

election, and she seeks access to the memory cards.  Second, she asks the court to declare that the defendants violated the cited federal statutes.  Third, she asks the court to order a "full physical and cyber forensic examination of machine, ballots and peripheral objects related to the conduct of the 2020 New Hampshire federal election by a qualified expert of plaintiff's choice."  Doc. no. 1, at 16. Fourth, she asks the court to remove "all electronic voting machines and devices from all future New Hampshire elections."  Id.

III.  Subject Matter Jurisdiction

Towne is challenging the results of the 2020 federal election in Windham, or possibly in all of New Hampshire, is seeking information through 42 U.S.C. § 1974, 52 U.S.C. §§ 20701 and 20702, and requests a general prohibition against the use of voting machines.  Towne's allegations and requests for relief raise questions about this court's subject matter jurisdiction. When subject matter jurisdiction is in question, the court is obligated to determine, sua sponte, whether jurisdiction exists. See Commonwealth School, Inc. v. Commonwealth Academy Holdings LLC, 994 F.3d 77 84 (1st Cir. 2021); Lyman v. Baker, 954 F.3d 351, 363 (1st Cir. 2020); Clervrain v. Dunlap, 2022 WL 1198074, at *1 (D. Me. Apr. 22, 2022).

A. <u>Mootness</u>

Because federal court jurisdiction is limited to cases and controversies, jurisdiction is lacking when a suit becomes moot. <u>Harris v. Univ. of Mass. Lowell</u>, 43 F.4th 187, 191 (1st Cir. 2022). "[A] suit becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Id.</u> (internal quotation marks omitted). That is, a claim becomes moot when the plaintiff no longer has a "legally cognizable interest in the outcome of the case" because the court cannot grant relief that would redress the claimed injury. <u>Id.</u>

The 2020 election is over, and the results have been authoritatively certified. <u>See</u> <u>Trump v. Thompson</u>, 20 F.4th 10, 19 (D.C. Cir. 2021); <u>Hotze v. Hudspeth</u>, 16 F.4th 1121, 1124 (5th Cir. 2021); <u>Ning Ye v. N.Y. Bd. of Elections</u>, 2021 WL 37575 (S.D.N.Y. Jan. 5, 2021). As Towne alleges, the election audit in Windham was done in May of 2021. It is complete. To the extent Towne seeks to challenge the results of the 2020 election or the Windham audit, those issues are resolved and do not present a live controversy. Therefore her claims are moot.[1]

---

[1] In addition, the twenty-two-month time period for retaining election records under 42 U.S.C. § 1974, 52 U.S.C. §§ 20701 and 20702 has expired.

5

See, e.g., Hotze, 16 F.4th at 1124; Wood v. Raffensperger, 981 F.3d 1307, 1310, 1317 (11th Cir. 2020).

B. Standing

Further, even if Towne's requests to prospectively change the voting procedures in future elections are not moot, Towne has not demonstrated that she has standing to challenge voting procedures that are used across New Hampshire. Standing, like mootness, is a jurisdictional issue that the court must address before proceeding in a case. W. Virgina v. E.P.A., 142 S. Ct. 2587, 2606 (2022); Trump v. New York, 141 S. Ct. 530, 535 (2020); Efreom v. McKee, --- F. 4th ---, 2022 WL 3483975, at *5 (1st Cir. Aug. 18, 2022). To establish standing, the plaintiff must "clearly allege facts demonstrating that she '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Brito v. Garland, 22 F.4th 240, 252 (1st Cir. 2021) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). An injury in fact must be particularized and individual and not "a generalized grievance shared in substantially equal measure by all or a large class of citizens." Warth v. Seldin, 422 U.S. 490, 499 (1975).

In the context of a plaintiff challenging election procedures, a plaintiff must show that she has suffered or will suffer a particularized injury in fact as a result of the

challenged election procedure. See, e.g., Goldman v. Brink, 41 F.4th 366, 368-69 (4th Cir. 2022). Allegations by a voter that a voting procedure "hurt the 'integrity' of the election process" is "far too generalized to warrant standing." Hotze, 16 F.4th at 1124. Similarly, improper vote counting "is a paradigmatic generalized grievance that cannot support standing." Wood, 981 F.3d at 1315-16; Pirtle v. Nago, 2022 WL 3915570, at *34 (D. Ha. Aug. 31, 2022).

Towne provides no allegations that even suggest that she has had or will have a particularized and individual injury because of the election audit in Windham or because of the voting machines used in New Hampshire. Based on her allegations, Towne does not live in Windham and has alleged no basis for standing to challenge the audit. She also lacks standing to require particular voting machines or no voting machines in the next election. Therefore, the court cannot consider Towne's claims due to her lack of standing.

C. Statutory Jurisdiction

Further, Towne lacks any cognizable legal basis to bring claims to enforce 52 U.S.C. §§ 20701 and 20702.[2] No private right of action exists to enforce §§ 20701 and 20702. Pirtle,

---

[2] 42 U.S.C. § 1974 was recodified as 52 U.S.C. § 20701 in September of 2014. Project Vote, Inc. v. Kemp, 208 F. Supp. 1320,1344 n.37 (N.D. Ga. 2016).

7

2022 WL 3915570, at *3; Soudelier v. Dept. of St. La., 2022 WL 3686422, at *1 (E.D. La. Aug. 25, 2022); Ayyadurai v. Galvin, 560 F. Supp. 3d 406, 408-09 (D. Mass. 2021); Fox v. Lee, 2019 WL 13141701, at *1 (N.D. Fl. Apr. 2, 2019).  Therefore, Towne cannot state a claim under those statutes.

As a result, this case lacks any basis for federal question jurisdiction under 28 U.S.C. § 1331.  Towne and all but possibly two defendants are citizens of New Hampshire.  Towne, therefore, has not shown that diversity jurisdiction exists under 28 U.S.C. § 1332.

## Conclusion

For the foregoing reasons, Towne's request for emergency injunctive relief (doc. no. 1) is denied.

The complaint (doc. no. 1) is dismissed, without prejudice, for lack of subject matter jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 7, 2022

cc: Brenda Towne, pro se